**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ERNESTO PERAZA,
              Appellant,

      v.

DEPARTMENT OF COMMERCE,
              Agency.

DOCKET NUMBER
DC-315H-20-0393-I-1

DATE: June 27, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ernesto Peraza</u>, Abdington, Maryland, pro se.

<u>Josh Hildreth</u>, Alexandria, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction his appeal of his termination from his position in the competitive service during his probationary period. On petition for review, the appellant alleges the following: (1) the agency discriminated against him

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on his marital status; (2) the agency removed him based on issues that arose pre-appointment; (3) his termination was impelled by prejudice; (4) the agency provided negative information regarding his employment history in an attempt to improperly influence the administrative judge; (5) the administrative judge failed to rule on his discovery-related requests; and (6) the administrative judge exhibited bias. Petition for Review (PFR) File, Tab 1 at 4-6. The appellant also provides an additional document. *Id.* at 7. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). A probationary employee in the competitive service who has not completed 1 year of continuous service has no statutory right of appeal to the Board. *See* 5 U.S.C. § 7511(a)(1)(A); *Harris v. Department of the Navy*, 99 M.S.P.R. 355, ¶ 6 (2005). However, a probationary employee in the competitive service has a regulatory right of appeal in three limited circumstances: (1) the employee was discriminated against on account of his marital status; (2) the employee was discriminated against based on partisan

political reasons; or (3) the agency action was based (in whole or part) on issues that arose pre-appointment and the agency did not follow required procedures. *Blount v. Department of the Treasury*, 109 M.S.P.R. 174, ¶ 5 (2008); 5 C.F.R. §§ 315.805-.806. To be entitled to a jurisdictional hearing, an appellant must make a nonfrivolous allegation[2] of Board jurisdiction over his appeal. *Ferdon v. U.S. Postal Service*, 60 M.S.P.R. 325, 329 (1994).

We have considered the appellant's assertions regarding marital status discrimination, pre-appointment issues, and prejudice, PFR File, Tab 1 at 4-6, but we find that they do not provide a basis to disturb the administrative judge's reasoned conclusion that the appellant failed to make a nonfrivolous allegation of Board jurisdiction on any of these bases, Initial Appeal File (IAF), Tab 7, Initial Decision at 7-9.

The appellant asserts that the agency provided the administrative judge with negative information regarding his employment history, i.e., the fact that he had previously been terminated from a Federal position during his probationary period, in an effort to improperly influence the administrative judge. PFR File, Tab 1 at 5. We find this assertion unavailing. The information that the agency provided to the administrative judge, IAF, Tab 6 at 5-6, 17, was both responsive to the administrative judge's jurisdictional order, IAF, Tab 3 at 5-6, and relevant to the jurisdictional issue insofar as it clarified that the appellant lacked 1 year of current continuous service, *see* 5 U.S.C. § 7511(a)(1)(A); *see also McCormick v. Department of the Air Force*, 307 F.3d 1339, 1342-43 (Fed. Cir. 2002).

The appellant alleges that the administrative judge erred by issuing his initial decision "without explicitly approving or denying" a discovery-related request that he made in his response to the administrative judge's jurisdictional order. PFR File, Tab 1 at 4. Here, although the administrative judge did not issue a ruling on the appellant's ostensible discovery request, IAF, Tab 5 at 6, any

---

[2] A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

error related thereto was not prejudicial insofar as the appellant's request failed to comply with the requirements of 5 C.F.R. § 1201.73, *see Van Amber v. U.S. Postal Service*, 47 M.S.P.R. 320, 327 (1991) (finding that, although the administrative judge committed adjudicatory error by not ruling on, among other things, the appellant's motion to compel answers to interrogatories, it was not prejudicial error because the appellant's motion did not comply with the Board's regulatory requirements). Moreover, the appellant has failed to explain either before the administrative judge or on review how the information he sought in his request would change the outcome of his appeal. *See Davis v. Department of Defense*, 103 M.S.P.R. 516, ¶ 13 (2006) (finding that, when an appeal is dismissed for lack of jurisdiction, there is no prejudice to an appellant's substantive rights based on the absence of discovery that did not seek information that would establish the Board's jurisdiction). Thus, a different outcome is not warranted.

The appellant makes a series of statements that amount to allegations of bias on the part of the administrative judge. PFR File, Tab 1 at 4-6. To this end, he seemingly suggests that the administrative judge was not impartial, *id.* at 4, and he avers that the administrative judge "misrepresent[ed his] words," *id.* at 5.[3] The Board has consistently held that, in making a claim of bias against an administrative judge, the appellant must overcome the presumption of honesty and integrity that accompanies all administrative adjudicators. *Washington v. Department of the Interior*, 81 M.S.P.R. 101, ¶ 7 (1999) (citing *In re King*, 1 M.S.P.R. 146, 151 (1979)). This presumption can be overcome only by a substantial showing of personal bias. *Williams v. U.S. Postal Service*,

---

[3] He specifically asserts that the initial decision incorrectly indicated that he had alleged that a supervisor had engaged in "harassing-like behavior" when he had in fact alleged that two other newly hired employees had so behaved. PFR File, Tab 1 at 5. As we find this distinction immaterial for purposes of the jurisdictional issue, a different outcome is not warranted. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

87 M.S.P.R. 313, ¶ 12 (2000). Here, as the record is devoid of any indication of personal bias, the appellant's allegation is unavailing.

Finally, the appellant provides, for the first time, a document related to his work productivity, PFR File, Tab 1 at 7, to show, among other things, that he was "showing signs of improvement" prior to his removal, *id.* at 6. However, he provides no explanation as to why he did not provide this document to the administrative judge. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (finding that the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence). Moreover, the document is not material to the jurisdictional issue. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (stating that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2)** **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.